United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD T. FURNACE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>M.S. EVANS, et al.,<br><br>　　　　Defendants.<br>_____ | No. C 06-4229 MMC (PR)<br><br>**ORDER GRANTING LEAVE TO AMEND; OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION** |

　　On July 10, 2006, plaintiff, a California prisoner currently incarcerated at Salinas Valley State Prison ("SVSP") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. On November 6, 2006, the Clerk received plaintiff's amended complaint, in which plaintiff alleges claims against eleven individual SVSP employees.[1] Plaintiff alleges defendants have deprived him of outdoor exercise for a period of over eleven months, denied him privileges afforded other similarly situated inmates, and required him to sign documents in violation of his political beliefs. By separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

**DISCUSSION**

　　A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may

---

[1] Leave to file the amended complaint is granted below; the amended complaint supersedes the original complaint. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

Having reviewed the amended complaint, the Court finds plaintiff's claims against defendants cognizable, specifically, that defendants have: (1) violated plaintiff's First Amendment rights by retaliating against him for refusing to "snitch" on other inmates or sign a form in which he "promises to behave"; (2) denied him access to the courts; (3) taken his personal property in retaliation for exercising his First Amendment rights; (4) violated his Eighth Amendment right to be free from cruel and unusual punishment by denying him visitation rights and yard access; and (5) violated his Fourteenth Amendment rights to due process and equal protection by discriminating against him on the basis of his race.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1.  Leave to file the amended complaint is hereby GRANTED.

2.  The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the amended complaint in this matter, all attachments thereto, and a copy of this order upon **Warden M.S. Evans, Chief Deputy Warden A. Hedgepeth, Facility Captain G. Ponder, Correctional Lieutenant J. Celaya, Appeals Coordinator T. A. Variz, Appeals Coordinator Eloy Medina, Visiting Sergeant K. Knuckles, Correctional Property Officer D. Vega, Correctional Sergeant M. Nilsson, Law Librarian S. McDonald, and Correctional Officer J. Rodriguez,** at **Salinas Valley State Prison.** The Clerk shall also mail courtesy copies of the amended complaint and this order to the California Attorney General's Office.

3.  No later than **ninety (90) days** from the date of this order, defendants shall file

a motion for summary judgment or other dispositive motion with respect to the claims in the amended complaint found to be cognizable above.

      a.      If defendants elect to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants **shall** do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

      b.      Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.**

4.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **thirty (30) days** from the date defendants' motion is filed.

      a.      In the event the defendants file an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:[2]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies.  The motion will, if granted, result in the dismissal of your case.  When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims.  If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

      b.      In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which

---

[2] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

3

1  they seek to have your case dismissed.  A motion for summary judgment under
Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
2  Rule 56 tells you what you must do in order to oppose a motion for
summary judgment.  Generally, summary judgment must be granted when there
3  is no genuine issue of material fact--that is,  if there is no real dispute about any
fact that would affect the result of your case, the party who asked for summary
4  judgment is entitled to judgment as a matter of law, which will end your case.
When a party you are suing makes a motion for summary judgment that is
5  properly supported by declarations (or other sworn testimony), you cannot
simply rely on what your complaint says.  Instead, you must set out specific
6  facts in declarations, depositions, answers to interrogatories, or authenticated
documents, as provided in Rule 56(e), that contradict the facts shown in the
7  defendants' declarations and documents and show that there is a genuine issue
of material fact for trial.  If you do not submit your own evidence in opposition,
8  summary judgment, if appropriate, may be entered against you.  If summary
judgment is granted in favor of defendants, your case will be dismissed and
9  there will be no trial.

10 See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to

11 read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S.

12 317 (1986) (holding party opposing summary judgment must come forward with evidence

13 showing triable issues of material fact on every essential element of his claim).  Plaintiff is

14 cautioned that failure to file an opposition to defendants' motion for summary judgment may

15 be deemed to be a consent by plaintiff to the granting of the motion, and granting of

16 judgment against plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir.

17 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

18  5. Defendants shall file a reply brief no later than **fifteen (15) days** after

19 plaintiff's opposition is filed.

20  6. The motion shall be deemed submitted as of the date the reply brief is due.  No

21 hearing will be held on the motion unless the Court so orders at a later date.

22  7. All communications by the plaintiff with the Court must be served on

23 defendants, or defendants' counsel once counsel has been designated, by mailing a true copy

24 of the document to defendants or defendants' counsel.

25  8. Discovery may be taken in accordance with the Federal Rules of Civil

26 Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local

27 Rule 16-1 is required before the parties may conduct discovery.

28  9. It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

4

Court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time are not favored, though reasonable extensions will be granted. However, the party making the motion for an extension of time is not relieved from his or her duty to comply with the deadlines set by the Court merely by having made a motion for an extension of time. The party making the motion must still meet the deadlines set by the Court until an order addressing the motion for an extension of time is received. Any motion for an extension of time must be filed no later than the deadline sought to be extended.

IT IS SO ORDERED.

DATED: December 12, 2006

_____
MAXINE M. CHESNEY
United States District Judge