IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD T. FURNACE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> M.S. EVANS, et al., ) <br> ) <br> Defendants. ) <br> _____) | No. C 06-4229 MMC (PR) <br><br> **ORDER DENYING MOTION TO DISMISS; ADDRESSING PLAINTIFF'S PENDING MOTIONS; SETTING BRIEFING SCHEDULES** <br><br> **(Docket Nos. 22, 28, 30, 32, 35 & 37)** |

On July 10, 2006, plaintiff, a California prisoner incarcerated at Salinas Valley State Prison ("SVSP") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. On December 12, 2006, after reviewing plaintiff's first amended complaint ("FAC"), the Court found plaintiff had stated five cognizable claims, against eleven defendants at SVSP, for the violation of plaintiff's constitutional rights. In the same order, the Court directed defendants to file a dispositive motion or, in the alternative, a notice indicating defendants are of the opinion such a motion is not warranted.

On April 5, 2007, defendants filed a motion to dismiss on the grounds that plaintiff has not exhausted his administrative remedies with respect to one of the claims in the FAC, and that he has not adequately alleged liability with respect to two of the named defendants. Plaintiff has filed an opposition to the motion to dismiss; defendants have filed a reply.

Plaintiff has filed several motions as well: a motion requesting leave to file a second amended complaint, a motion requesting leave to file a first supplemental complaint, a motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure, a motion for a

preliminary injunction, and a motion to compel discovery and for sanctions.

**FACTUAL BACKGROUND**

According to the allegations in the FAC, in July 2005 plaintiff was placed on modified program status at SVSP because he refused to participate in interviews with SVSP staff concerning an inmate attack on two correctional officers, and also refused to sign a "128B" agreement to behave. According to plaintiff, as a result of his being placed on modified program status, he had, as of the time he filed the FAC, been deprived of outdoor exercise for a period of over eleven months, had been denied privileges afforded other similarly situated inmates, and had been required to sign documents in violation of his political beliefs.

Based on plaintiff's allegations in the FAC, the Court, in its order of the service, found plaintiff had stated cognizable claims that defendants had: (1) violated plaintiff's First Amendment rights by retaliating against him for refusing to "snitch" on other inmates or sign a form in which he "promises to behave"; (2) denied him access to the courts; (3) taken his personal property in retaliation for exercising his First Amendment rights; (4) violated his Eighth Amendment right to be free from cruel and unusual punishment, by denying him visitation rights and yard access; and (5) violated his Fourteenth Amendment rights to due process and equal protection, by discriminating against him on the basis of his race. (Order of Service, filed Dec. 12, 2006, at 2.)

**DISCUSSION**

A.  Motion to Dismiss for Failure to Exhaust Administrative Remedies

   1.  Standard of Review

Nonexhaustion under § 1997e(a) is an affirmative defense; defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). A nonexhaustion defense should be raised in an unenumerated Rule 12(b) motion. Id. In deciding such a motion, the district court may look beyond the

pleadings and decide disputed issues of fact. Id. at 1119-20.[1] If the court concludes the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the complaint without prejudice. Id. at 1120.

### 2. The Exhaustion Requirement

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA") provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and not left to the discretion of the district court. Woodford v. Ngo, 126 S. Ct. 2378, 2382 (2006). Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve general conditions or particular episodes, whether they allege excessive force or some other wrong, and even if they seek relief not available in grievance proceedings, such as money damages. Porter v. Nussle, 534 U.S. 516, 524 (2002).

The exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." Woodford, 126 S. Ct. at 2382. Rather, the exhaustion requirement requires "proper exhaustion." Id. The boundaries of proper exhaustion are defined by the prison's grievance procedures. See Jones v. Bock, 127 S. Ct. 910, 922-23 (2007).

The State of California provides its prisoners and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal review, (2) first formal written appeal on a CDC 602 inmate appeal form, (3) second formal level appeal to the institution head or

---

[1] If the court looks beyond the pleadings in deciding an unenumerated motion to dismiss for failure to exhaust, the court must give the prisoner fair notice of his opportunity to develop a record. Id. at 1120 n.14. Plaintiff was given such notice by the Court on December 12, 2006, in the order of service.

3

designee, and (4) third formal level appeal to the Director of the California Department of Corrections and Rehabilitation ("Director"). See Barry v Ratelle, 985 F. Supp 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5). A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a). See id. at 1237-38.

### 3. Analysis

Defendants argue plaintiff did not exhaust his administrative remedies with respect to his claim he was denied yard access while on modified program status, because he did not properly present such claim through the administrative appeals process.

In support of their argument, defendants have filed a declaration by N. Grannis ("Grannis"), Chief of the Inmate Appeals Branch ("IAB") at the California Department of Corrections and Rehabilitation. The IAB keeps an electronic record of each inmate appeal that has proceeded through the Director's level of review since 1993. (Decl. N. Grannis Supp. Defs.' Mot. Dismiss ("Grannis Decl.") ¶ 3.) Grannis searched the database containing records of all administrative appeals submitted to the Director's level of review between August 1997 and January 22, 2007. (See id. ¶ 5). The search revealed that during that time period plaintiff submitted and received decisions on four inmate appeals at the Director's level of review. (See id. ¶ 6 & Ex. A). Defendants maintain that none of the appeals concerned a grievance about yard access or outdoor exercise. According to defendants, in Appeal No. SVSP 05-02122, plaintiff alleged that an officer made a derogatory comment to plaintiff and improperly sprayed plaintiff with pepper spray; in Appeal No. SVSP 05-03192, plaintiff alleged his mail was being mishandled; in Appeal No. SVSP 05-03522, plaintiff complained he was being served food that did not comport with his religious diet; and in Appeal No. 06-00015, plaintiff complained that as a result of his placement on modified program status he was being denied contact visitation, quarterly packages, and special purchases from the canteen (Decl. T. Maorino Supp. Defs.' Mot. Dismiss ("Maorino Decl.") Ex. A).

In opposition to defendants' motion to dismiss, plaintiff asserts he exhausted his

4

denial of yard access claim when he filed the fourth appeal, Appeal No. 06-00015, at the initial level of review, because in that appeal he alleged: (1) that in retaliation for his refusal to participate in interviews with SVSP staff and to sign the 128B agreement to behave, defendants had placed him on modified program status and denied him access to privileges afforded other inmates; and (2) the retaliation "consist[s] of but is not limited to" the denial of contact visitation and access to personal property, such as quarterly packages, books, and special purchase orders. (Opp. at 6 & FAC Ex. 1.) Plaintiff further alleges that after Appeal No. 06-00015 was denied at the second level of review, he moved to amend the appeal at the Director's level of review, asserting that not all of his concerns had been addressed at the previous level, including his claim that he was being "denied fresh air and sunshine for the purpose of recreational activities that are a requirement of [my] spiritual practices." (Id.) Plaintiff argues he properly presented the denial of yard access claim to the Director's level of review by raising it in this manner, because the Director's-level decision did not reject the claim as untimely or otherwise improperly filed. (Id.) He further argues that the claim was decided at the Director's level of review when, after specifically addressing plaintiff's visitation and property claims, the Director's-level decision concluded with the following statement:

> The appeals examiner notes that the appellant's [sic] has included numerous other appeal issues in this appeal; however, the institution acted within departmental policy in responding to the lockdown issues only. No relief at the Director's Level of Review is warranted.

(FAC Ex. 1.)

In reply, defendants argue that raising the claim only at the Director's level of review does not constitute proper exhaustion, because: (1) by the time plaintiff submitted the claim to the Director's level of review it was untimely, see Cal. Code Regs. tit. 15, § 3084.6(c) (requiring inmate to submit appeal within fifteen working days of event or decision being appealed); (2) the appeal regulations mandate that all appeals initially be filed and screened at the first level of review before being filed at subsequent levels of review, see id. § 3084.5(b)(c); and (3) plaintiff alleged that he was being denied fresh air and exercise in

5

reference to his religious freedoms, not in reference to the denial of yard access. Defendants do not argue that plaintiff's appeal was actually rejected on any of these grounds at the Director's level of review.

The Court finds plaintiff's general objection in his initial administrative appeal to his placement on modified program status and resulting loss of privileges, together with the subsequent amendment of his administrative appeal at the Director's level of review, properly exhausted his denial of yard access claim. Both the second-level and Director's-level decisions addressed and rejected plaintiff's overarching contention that his placement on modified program status is unlawful, and affirmed the proposition that plaintiff could be denied various privileges because of such program status. Moreover, while the Director's-level decision concluded that officials at the second level of review had not erred by failing to address the new issues plaintiff had added to his Director's-level appeal, the decision did not expressly reject those issues as untimely or improperly filed. Finally, the Court notes that plaintiff has filed a Second Amended Complaint (which the Court reviews in Section C, below), in which he makes clear that he no longer intends to proceed with a separate claim that the denial of yard access, standing alone, violated his constitutional rights. Rather, he alleges that his placement and retention on modified program status violated his constitutional rights because he was unlawfully denied numerous privileges, including outdoor yard access and exercise. (See SAC at ¶ 89-112.)

In sum, the Court finds plaintiff properly exhausted his denial of yard access claim, in that the claim was presented and addressed at both the initial and Director's levels of review as included in plaintiff's claim that his placement on modified program status had resulted in the unlawful deprivation of numerous privileges, and it also was presented expressly at the Director's level of review, where it was not expressly rejected on procedural grounds. Accordingly, defendants' motion to dismiss the denial of yard access claim for failure to exhaust administrative remedies will be denied.

B.  Dismissal of Defendants Medina and Variz

Defendants argue that plaintiff's claims against defendants Medina and Variz must be

dismissed because plaintiff has not alleged facts showing their direct involvement in any constitutional violation of which plaintiff complains. Specifically, defendants argue that plaintiff's allegations that Medina and Variz improperly screened out his administrative appeals do not state a claim for relief under 42 U.S.C. § 1983. Plaintiff has not addressed this argument in his opposition to the motion to dismiss.

1. Standard of Review

Rule 12(b)(6) provides for the dismissal of a claim "if as a matter of law it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." See Neitzke v. Williams, 490 U.S. 319, 327 (1989). In considering a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Federal courts are particularly liberal in construing allegations made in pro se civil rights complaints. See Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002).

A motion to dismiss may not be granted solely because a plaintiff has not filed an opposition. Even if the plaintiff does not file a response to a motion to dismiss under Rule 12(b)(6), the district court must examine the allegations in the plaintiff's complaint and determine whether the plaintiff states a claim upon which relief can be granted. See Issa v. Comp USA, 354 F.3d 1174, 1178 (10th Cir. 2003); see also Vega-Encarnacion v. Babilonia, 344 F.3d 37, 40-41 (1st Cir. 2003); McCall v. Pataki, 232 F.3d 321, 322-23 (2nd Cir. 2000). A pro se plaintiff who has not responded to a motion to dismiss can rest on the assumed truthfulness and liberal construction afforded his complaint. See Curtis v. Bembenek, 48 F.3d 281, 287 (7th Cir. 1995).

2. Analysis

Plaintiff alleges in his FAC that defendants Medina and Variz screened out and failed to process his administrative appeals because Medina and Variz were acting in concert with other defendants to prevent plaintiff from challenging the validity of his placement on modified program status. (FAC 7, 9, 10.) Defendants argue that plaintiff cannot proceed with these claims because the administrative function of screening out appeals does not rise

to the level of a constitutionally cognizable claim.

While defendants are correct that prisoners lack a constitutional entitlement to the processing of their administrative appeals, see Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), plaintiff's allegations constitute, in essence, a claim that Medina and Variz denied his administrative appeals in retaliation for plaintiff's refusal to participate in the SVSP staff interviews and to sign the 128B agreement. As such, plaintiff's allegations state a cognizable claim for relief against Medina and Variz. See Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (holding allegations of retaliation by prisoner state claim for violation of First Amendment). Accordingly, the motion to dismiss the claims against Medina and Variz will be denied.

C.  Plaintiff's Motions for Leave to File Second Amended and Supplemental Complaints

On June 1, 2007, plaintiff filed a motion for leave to file a Second Amended Complaint ("SAC"), and submitted a proposed SAC along with the motion. Having reviewed the SAC under 28 U.S.C. § 1915A, the Court finds plaintiff states the following cognizable claims for relief against the defendants previously named in the FAC: (1) defendants placed and retained plaintiff on modified program status in retaliation for plaintiff's exercise of his First Amendment rights;[2] (2) defendants denied plaintiff access to the courts in retaliation for plaintiff's exercise of his First Amendment rights;[3] (3) defendants deprived plaintiff access to his personal property in retaliation for plaintiff's exercise of his First Amendment rights;[4] (4) defendants violated plaintiff's rights under the Eighth and Fourteenth Amendments by maliciously and sadistically holding him in cruel and unusual conditions of confinement on modified program status;[5] (5) defendants violated plaintiff's right to equal protection by discriminating against him on the basis of race when

---

[2] These allegations are set forth as causes of action 1-4 in the SAC.

[3] These allegations are set forth as causes of action 5-6 in the SAC.

[4] These allegations are set forth as causes of action 7-11 in the SAC.

[5] These allegations are set forth as causes of action 12-15 in the SAC.

8

placing him on modified program status;[6] (6) the defendants violated plaintiff's right to due process by placing and retaining him on modified program status without a hearing;[7] and (7) the defendants violated plaintiff's constitutional rights in both their individual and supervisory capacities.[8]  Accordingly, plaintiff will be granted leave to file and proceed with his SAC.  As all of the defendants named in the SAC already have been served in this action, plaintiff shall serve the SAC on defendants' counsel.

On August 22, 2007, plaintiff filed a motion for leave to file a supplemental complaint.  In his proposed First Supplemental Complaint, plaintiff alleges that the constitutional violations of which he complains in his SAC are ongoing.  Specifically, he alleges defendants have continued to retaliate against him because of his refusal to interview regarding the attack on correctional officers.  He also alleges, however, that on March 22, 2007, he did participate in "forced interviews," after being made to do so "under duress." (Supp. Compl. at ¶ 24.)  Plaintiff alleges he has exhausted his administrative remedies regarding his supplemental claims.

The court may permit a party to serve supplemental pleadings "setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed. R. Civ. P. 15(d).  The power to grant supplemental pleadings is discretionary and "upon such terms as are just."  Id.  While leave to permit supplemental pleadings is favored, it cannot be used to introduce a separate, distinct and new cause of action.  See Planned Parenthood of So. Arizona v. Neely, 130 F.3d 400, 402 (9th Cir. 1997).  Matters newly alleged in a supplemental complaint must have some relation to the claims set forth in the original pleading.  See Keith v. Volpe, 858 F.2d 467, 474 (9th Cir. 1988).

---

[6] These allegations are set forth as causes of action 16-17 in the SAC.

[7] These allegations are set forth as causes of action 18-21 in the SAC.

[8] The allegations of supervisorial liability based on a failure to train and supervise are set forth as cause of action 22 in the SAC.

9

In the interest of resolving all of plaintiff's related claims against defendants in the most efficient manner, the Court will allow plaintiff to proceed with his supplemental claims that allege defendants have continued to retaliate against him for refusing to interview. (Supp. Compl. ¶ 1-30.) Because plaintiff states he participated in an interview on March 22, 2007, however, the Court will deny him leave to proceed in this action with any claims arising after that date. Accordingly, all claims arising on or after March 22, 2007, will be dismissed without prejudice; such claims may be brought in a separate complaint. As all of the defendants named in the supplemental claims already have been served in this action, plaintiff shall serve his supplemental complaint on defendants' counsel.

D.  Plaintiff's Motion for Sanctions

Plaintiff has filed a motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure, on the ground that defendants acted in bad faith when they filed their motion to dismiss for failure to exhaust administrative remedies, specifically, because they omitted from the motion the fact that plaintiff had raised his denial of yard access claim in his Director's-level appeal.

Sanctions may be warranted under Rule 11 where the court finds: a party's papers have been presented for an improper purpose; a party's legal contentions are not warranted by existing law or are frivolous; a party's allegations and factual contentions lack evidentiary support; or a party's denials of factual contentions are not warranted. See Fed. R. Civ. P. 11(b)(1)-(4).

Here, plaintiff's allegations do not establish a violation of Rule 11. Defendants argued in their motion to dismiss that plaintiff's Director's-level appeal did not include the claim that plaintiff was denied exercise. Whether plaintiff's amendment of his Director's-level appeal properly presented the denial of yard access claim for Director's-level review is a legitimate issue, and, consequently, defendants did not act in bad faith by arguing that plaintiff did not exhaust his denial of yard access claim through the Director's level of review. Accordingly, the motion for sanctions will be denied.

E. <u>Plaintiff's Motion for a Preliminary Injunction</u>

On June 27, 2007, plaintiff filed a motion for a preliminary injunction. In said motion, plaintiff asks the Court to restrain defendants from: (1) forcing plaintiff to participate in interviews concerning other prisoners' conduct in which plaintiff was not involved or to which he was not a witness; (2) forcing plaintiff to "speak or speak in a certain fashion sufficient only to prison staff," (Motion, filed July 27, 2007, at 1); (3) forcing plaintiff to sign documents waiving his rights and promising to behave properly; and (4) taking any adverse action against plaintiff for exercising his rights not to interview, speak or sign documents.

Preliminary injunctive relief may be granted if either of two sets of criteria are satisfied. The "traditional" test requires the movant to: (1) establish a strong likelihood of success on the merits; (2) show the possibility of irreparable injury to the plaintiff if the preliminary relief is not granted; (3) show a balance of hardships favoring the movant; and (4) show that granting the injunction favors the public interest. See <u>Los Angeles Memorial Coliseum Comm'n v. Nat'l Football League</u>, 634 F.2d 1197, 1200 (9th Cir. 1980). The "alternative" test requires that the movant demonstrate either a combination of probable success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in his favor. See <u>Bernhardt v. Los Angeles County</u>, 339 F.3d 920, 925 (9th Cir. 2003).

Here, although plaintiff's allegations state cognizable claims for relief, the Court finds that at this stage of the proceedings plaintiff has not shown a strong or probable likelihood of success as to his proving his placement on modified program status and the resulting denial of privileges violated his constitutional rights. Further, because plaintiff states in his SAC that he did participate in an interview on March 22, 2007, he has not shown he will continue to face irreparable injury by refusing to be interviewed, and, consequently, the balance of hardships has not been shown to tip sharply in his favor. Accordingly, the motion for a preliminary injunction will be denied.

F. <u>Plaintiff's Motions to Compel and for Sanctions</u>

On July 19, 2007, plaintiff filed a motion to compel discovery and a motion for

sanctions. He claims defendants have refused, without legitimate reason, to provide him with documents relevant to his claims, and that they have failed to respond to his July 5, 2007 written request to meet and confer. (Motion, filed July 19, 2007, at 2-3.) The Court will defer ruling on these two motions until defendants have responded thereto.

Accordingly, no later than **thirty (30)** days from the date of this order, defendants shall file an opposition to the motions to compel and for sanctions. No later than **thirty (30)** days from the date the opposition is filed, plaintiff shall file a reply. The motions will be deemed submitted as of the date the reply brief is due. No hearing will be held on the motions unless the Court so orders at a later date.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Defendants' motion to dismiss is DENIED. (Docket No. 22.)

2. Plaintiff's motion for leave to file his Second Amended Complaint is GRANTED. (Docket No. 28.) Plaintiff's motion for leave to file a supplemental complaint is GRANTED in part and DENIED in part, as discussed above. (Docket No. 37.)

As the defendants named in the Second Amended Complaint and the First Supplemental Complaint already have been served and have appeared in this action, the Clerk need not issue additional summons, and the Marshal need not effectuate further service of the SAC and supplemental complaint. <u>Plaintiff is responsible for serving defendants' counsel with the SAC and the First Supplemental Complaint.</u>

3. Plaintiff's motion for Rule 11 sanctions is DENIED. (Docket No. 30.)

4. Plaintiff's motion for a preliminary injunction is DENIED. (Docket No. 32.)

5. The Court defers ruling on plaintiff's motions to compel and for sanctions until they have been fully briefed in accordance with the schedule set forth in Section F of this order. (Docket No. 35.)

6. Further dispositive motions shall be filed in accordance with the following briefing schedule:

    a. No later than **sixty (60)** days from the date of this order, defendants shall file

1 a motion for summary judgment or other dispositive motion, or shall inform the Court that
2 they are of the opinion such a motion is not warranted.

3 Any motion for summary judgment shall be supported by adequate factual
4 documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil
5 Procedure. <u>Summary judgment cannot be granted, nor qualified immunity found, if material
6 facts are in dispute. If any defendant is of the opinion that this case cannot be resolved by
7 summary judgment, he shall so inform the Court prior to the date the summary judgment
8 motion is due.</u>

9 If defendants elect to file a motion to dismiss on the ground plaintiff
10 failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),
11 defendants shall do so in an unenumerated Rule 12(b) motion pursuant to <u>Wyatt v. Terhune</u>,
12 315 F.3d 1108, 1119-20 (9th Cir. 2003).

13 b. Plaintiff's opposition to the dispositive motion shall be filed with the Court
14 and served on defendants no later than **thirty (30)** days from the date defendants' motion is
15 filed.

16 In the event defendants file a motion for summary judgment, the Ninth Circuit has
17 held that the following notice should be given to plaintiffs facing summary judgment:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

<u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read

13

Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

In the event defendants file an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.[9]

c. Defendants <u>shall</u> file a reply brief no later than **fifteen (15)** days after plaintiff's opposition is filed.

d. The motion will be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel.

8. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

---

[9]This notice is adapted from the summary judgment notice set forth in Rand v. Rowland, 154 F.3d at 963. See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

9. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

This order terminates Docket Nos. 22, 28, 30, 32 and 37 on this Court's docket.

IT IS SO ORDERED.

DATED: January 15, 2008

_____
MAXINE M. CHESNEY
United States District Judge