United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD T. FURNACE,<br><br>    Plaintiff,<br><br>  v.<br><br>M.S. EVANS, et al.,<br><br>    Defendants.<br>_____ | No. C 06-4229 MMC (PR)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL; DENYING MOTION FOR SANCTIONS; GRANTING MOTIONS TO FILE DOCUMENTS UNDER SEAL; SETTING BRIEFING SCHEDULE ON MOTION TO STAY DISCOVERY; STAYING MOTION FOR SUMMARY JUDGMENT**<br><br>**(Docket Nos. 35, 43, 48 & 49)** |

On July 10, 2006, plaintiff, a California prisoner incarcerated at Salinas Valley State Prison ("SVSP") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. On December 12, 2006, after reviewing plaintiff's first amended complaint ("FAC"), the Court found plaintiff had stated five cognizable claims, against eleven defendants at SVSP, for the violation of plaintiff's constitutional rights.

On January 15, 2008, the Court issued an order: (1) denying defendants' motion to dismiss the FAC, which motion was based on the grounds that plaintiff had not exhausted his administrative remedies with respect to one of the claims and had not adequately alleged liability with respect to two of the named defendants; (2) granting plaintiff leave to file a second amended complaint and a supplemental complaint; and (3) directing defendants to file a dispositive motion or, in the alternative, a notice indicating defendants are of the opinion

1  such a motion is not warranted.  In that same order, the Court ordered defendants to respond
2  to plaintiff's pending motions to compel production of documents and for sanctions.
3  Defendants have filed an opposition to said motions, and plaintiff has filed a request for an
4  extension of time to file a reply.

5      Defendants have also filed a motion for summary judgment, a motion to stay
6  discovery pending a ruling on defendants' assertion of the defense of qualified immunity, and
7  motions to file under seal a confidential document and the declaration attached thereto, both
8  of which have been submitted in support of the motion for summary judgment.  The
9  confidential document is the same document that is the subject matter of plaintiff's motion to
10  compel.

11      The Court now addresses the parties' pending motions.

## DISCUSSION

13  A.    <u>Background</u>

14      At issue in this case are plaintiff's allegations that in July 2005 he was placed on
15  modified program status, i.e., "lockdown," at SVSP because he refused to participate in
16  interviews concerning an inmate attack on two correctional officers, and also refused to sign
17  a "128B" agreement to behave.  Plaintiff claims that as a result of his being placed on
18  modified program status he was deprived of outdoor exercise and other privileges afforded
19  similarly situated inmates and was required to sign documents in violation of his political
20  beliefs. Based on plaintiff's allegations the Court previously found that plaintiff has stated
21  cognizable claims that defendants: (1) violated plaintiff's First Amendment rights by
22  retaliating against him for refusing to "snitch" on other inmates or sign a form in which he
23  "promises to behave"; (2) denied him access to the courts; (3) took his personal property in
24  retaliation for exercising his First Amendment rights; (4) violated his Eighth Amendment
25  right to be free from cruel and unusual punishment, by denying him visitation rights and yard
26  access; (5) violated his Fourteenth Amendment rights to due process by not providing him
27  with a hearing in connection with his placement on modified program status, and (6) violated
28  his Fourteenth Amendment right to equal protection by discriminating against him on the

2

basis of his race.

B.     Plaintiff's Motions to Compel and for Sanctions

After the Court issued the order of service, plaintiff served defendants with a request to produce a confidential SVSP regulation, specifically, Operations Manual, restricted Volume V, § 55015, "Lockdown/Unlock Procedures" ("Operations Manual § 55015"). In response to plaintiff's request, defendants refused to produce the regulation, asserting the official information privilege. On July 19, 2007, plaintiff filed a motion to compel production of the regulation and a motion for sanctions. On February 15, 2008, defendants filed an opposition to the motions. On February 28, 2008, plaintiff filed a request for an extension of time to file a reply in support of his motion to compel; as the parties' moving and opposition papers are sufficient to allow the Court to rule on plaintiff's motion, the request will be denied.

Generally, parties may obtain discovery regarding any matter, not privileged, that is "relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. Discovery may be further limited by court order if "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had amble opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2).

At the outset, plaintiff argues Operations Manual § 55015 is relevant to his claim that defendants relied solely upon said regulation to place him indefinitely on modified program status without a hearing because he refused to participate in interviews concerning an inmate attack on two correctional officers and to sign an agreement to behave. Specifically, plaintiff claims that he was never charged with a rules violation or provided a hearing under the California Code of Regulations before or during his indefinite placement on modified program status; he argues, therefore, that he requires access to Operations Manual § 55015 in

3

order to assess whether the regulation authorized said placement, and whether such authorization runs afoul of constitutional requirements regarding the placement of prisoners on indefinite lockdown status.

Defendants argue that Operations Manual § 55015 is not relevant to plaintiff's claims because plaintiff alleges in his complaint that defendants retaliated against him by improperly placing him on modified program status, not that they failed to comply with the procedures set forth in Operations Manual § 55015.[1]

The Court finds Operations Manual § 55015 is relevant to plaintiff's claims because it is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). As noted above, plaintiff argues that he requires access to Operations Manual § 55015 in order to determine whether defendants actually followed the procedures set forth therein; whether defendants complied with said procedures is relevant with respect to at least two of plaintiff's claims, specifically, his claim that his placement on modified program status was retaliatory and his claim that such placement did not meet the requirements of due process.

Defendants initially refused to produce Operations Manual § 55015 to plaintiff on the ground the regulation was protected from production by the official information privilege. In support of their invocation of said privilege, defendants produced a declaration by Lt. W. Muniz, the Administrative Assistant in the Public Information Office at SVSP, attesting to the following: (1) Operations Manual § 55015 is classified as confidential by the California Department of Corrections and Rehabilitation and SVSP; (2) it is restricted from inmate viewing or public disclosure; (3) it contains information regarding prison policy for quelling disturbances and potentially violent events; (4) the procedures described therein instruct

---

[1] The Court notes that defendants, when responding to plaintiff's request for production of documents, did not argue that Operations Manual § 55015 was irrelevant to plaintiff's claims. (Mot. Compel Exs. 3 & 4.) Rather, in a declaration submitted in support of defendants' response, Lt. W. Muniz, the Administrative Assistant in the Public Information Office at SVSP, stated that Operations Manual § 55015 is "potentially responsive to Plaintiff's discovery requests," but would not be provided because of the official information privilege. (Mot. Compel Ex. 6 at 2.)

4

prison personnel about their duties during a lockdown of the prison; (5) if this type of information were disclosed it would provide plaintiff and other inmates with information necessary to avoid or thwart prison staff's attempts to secure the prison and maintain security; and (6) the disclosure of this information would hamper the ability of correctional staff to respond effectively to prison disorders and disruptive inmates with the minimal amount of force.

In his motion to compel, plaintiff concedes that defendants have met their threshold burden for invoking the official information privilege. See Kelly v. City of San Jose, 114 F.R.D. 653, 670 (N.D. Cal. 1987) (holding party invoking official information privilege in response to request for production of documents must meet threshold burden for invoking privilege by submitting, at time party files and serves response to discovery request, declaration or affidavit, under oath and penalty of perjury, from responsible official within agency who has personal knowledge of principal matters to be attested to in affidavit or declaration). Plaintiff argues, however, that production of Operations Manual § 55015 should not be denied, because the risks of disclosure can be minimized by a carefully drafted protective order.

Federal common law recognizes a qualified privilege for official information. Kerr v. United States Dist. Ct. for N.D. Cal., 511 F.2d 192, 198 (9th Cir.1975). To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages; if the latter is greater, the privilege bars discovery. Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033-34 (9th Cir. 1990). If the party invoking the privilege meets the threshold requirements for its proper invocation, the court will order an *in camera review* and offer the party the opportunity to submit brief and additional supporting material, and the party opposing invocation of the privilege will be offered the opportunity to reply thereto. Kelly, 114 F.R.D. at 671.

Here, plaintiff has shown Operations Manual § 55015 is relevant to his claims, and defendants have met the threshold requirements for proper invocation of the privilege; accordingly, the Court will grant in part and deny in part plaintiff's motion to compel. As

1  discussed below, defendants have submitted Operations Manual § 55015 to the Court in
2  support of their motion for summary judgment, and have asked the Court to file the
3  regulation under seal.  Thus, Operations Manual § 55015 is available to the Court for *in*
4  *camera* review and need not be resubmitted by defendants for that purpose.  Within thirty
5  days of the date this order is filed, however, defendants shall file with the court and serve on
6  plaintiff a proposed protective order and any additional supporting material.  Within thirty
7  days of plaintiff's receipt of said papers, he shall file with the court and serve on defendants a
8  response thereto, at which time the matter will be submitted for the Court's review.  After
9  considering all matters pertinent to the dispute, the Court will enter its ruling.

10  Along with his motion to compel, plaintiff has filed a motion for sanctions, on the
11  ground defendants improperly refused to produce Operations Manual § 55015.  As the Court
12  has found defendants have met the threshold requirements for proper invocation of the
13  official information privilege, however, the motion for sanctions will be denied.

14  C.     Defendants' Motions to File Documents Under Seal and to Stay Discovery

15  On March 13, 2008, defendants filed a motion for summary judgment, which motion
16  includes an assertion of the defense of qualified immunity.  In support of their motion for
17  summary judgment, defendants submitted a copy of Operations Manual § 55015, and moved
18  to file under seal said regulation and the attached declaration of Lt. W. Muniz attesting to its
19  confidentiality.  Additionally, on March 19, 2008, defendants filed a motion to stay all
20  outstanding and further discovery pending a ruling on defendants' qualified immunity
21  defense.

22  In view of the Court's ruling on plaintiff's motion to compel, defendants' motions to
23  file under seal Operations Manual § 55015 and the attached declaration of Lt. W. Muniz will
24  be granted, pending the Court's *in camera* review of Operations Manual § 55015.  If the
25  Court determines that Operations Manual § 55015 must be produced to plaintiff under the
26  terms of a protective order, the Court will modify the order granting defendants' motions
27  accordingly.

28  The Court will not rule on defendants' motion to stay discovery until plaintiff has

1 been provided the opportunity to respond.  Accordingly, plaintiff shall file a response to said
2 motion at the time he responds to the proposed protective order and additional briefing that
3 defendants have been ordered to submit to facilitate the Court's *in camera* review of
4 Operations Manual § 55015.  Defendants shall file a reply to plaintiff's response to the
5 motion to stay discovery within twenty days of the filing of said response.

6       Finally, due to the outstanding discovery matters discussed in this order, all further
7 proceedings with respect to defendants' motion for summary judgment will be stayed.  Once
8 the Court has ruled on the disclosure of Operations Manual § 55015 and defendants' motion
9 to stay discovery, a renewed briefing schedule on the motion for summary judgment will be
10 issued.

## CONCLUSION

12       For the reasons stated above, the Court orders as follows:

13       1. Plaintiff's motion to compel is hereby GRANTED in part and DENIED in part.
14 (Docket No. 35.)  Plaintiff's motion for an extension of time to file a reply to defendants'
15 opposition to the motion to compel is hereby DENIED.  (Docket No. 43.)

16       2. Within **thirty days** of the date this order is filed, defendants shall file with the
17 court and serve on plaintiff a proposed protective order and any additional supporting
18 material relevant to the Court's *in camera* review of Operations Manual § 55015.  Within
19 **thirty days** of the date said papers are filed, plaintiff shall file with the court and serve on
20 defendants a response thereto.

21       3. Together with plaintiff's response to defendants' proposed protective order and any
22 additional supporting material, plaintiff shall file with the court and serve on defendants a
23 response to defendants' motion to stay discovery.  Within **thirty days** of the date said
24 response is filed, defendants shall file with the court and serve on plaintiff a reply.

25       4. Defendants' motions to file under seal the copy of Operations Manual § 55015 and
26 the attached declaration of Lt. W. Muniz submitted in support of their motion for summary
27 judgment are hereby GRANTED.  (Docket Nos. 48 & 49.)  If the Court determines that
28 plaintiff is entitled to disclosure of Operations Manual § 55015 under the terms of a

protective order, the order granting said motions will be modified accordingly.

     5.  All further proceedings with respect to defendants' motion for summary judgment are hereby STAYED until the Court has ruled on the disclosure of Operations Manual § 55015 and defendants' motion to stay discovery.

This order terminates Docket Nos. 35, 43, 48 and 49 on this Court's docket.

IT IS SO ORDERED.

DATED: March 31, 2008

*(signature)*
MAXINE M. CHESNEY
United States District Judge