United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD T. FURNACE,<br><br>    Plaintiff,<br><br>  v.<br><br>M.S. EVANS, et al.,<br><br>    Defendants.<br>_____ | No. C 06-4229 MMC (PR)<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL; GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY; DENYING PLAINTIFF'S REQUEST FOR COURT ASSISTANCE; SETTING BRIEFING SCHEDULE ON MOTION FOR SUMMARY JUDGMENT**<br><br>**(Docket Nos. 53 & 66)** |

On July 10, 2006, plaintiff, a California prisoner then incarcerated at Salinas Valley State Prison ("SVSP")[1] and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. Thereafter, the Court found plaintiff had stated five cognizable claims, against eleven defendants at SVSP, for the violation of plaintiff's constitutional rights. Subsequently, after the Court denied defendants' motion to dismiss the first amended complaint for failure to exhaust administrative remedies, plaintiff was granted leave to file a second amended complaint, in response to which defendants filed a motion for summary judgment.

By order dated March 31, 2008, the Court stayed all further proceedings with respect to defendants' motion for summary judgment until certain discovery matters had been fully briefed and ruled on by the Court. As the discovery matters are now fully briefed, the Court hereby rules on the following motions: (1) plaintiff's motion to compel production of a

---

[1] Plaintiff recently notified the Court that he now is incarcerated at Corcoran State Prison.

confidential prison regulation; (2) defendants' motion to stay discovery pending a ruling on defendants' assertion of the qualified immunity defense; and (3) plaintiff's motion to compel the production of documents by defendant Ponder. The Court also addresses plaintiff's ex parte request for court assistance in obtaining access to his legal materials.

## BACKGROUND

At issue in this case are plaintiff's allegations that in July 2005 he was placed on modified program status, i.e., "lockdown," at SVSP because he refused to participate in interviews concerning an inmate attack on two correctional officers, and also refused to sign a "128B" agreement to behave. Plaintiff claims that as a result of his being placed on modified program status, he was deprived of outdoor exercise and other privileges afforded similarly situated inmates, and was required to sign documents in violation of his political beliefs. Based on plaintiff's allegations the Court previously found plaintiff has stated cognizable claims that defendants: (1) violated plaintiff's First Amendment rights by retaliating against him for refusing to "snitch" on other inmates or sign a form in which he "promises to behave"; (2) denied him access to the courts; (3) took his personal property in retaliation for his exercising his First Amendment rights; (4) violated his Eighth Amendment right to be free from cruel and unusual punishment, by denying him visitation rights and yard access; (5) violated his Fourteenth Amendment right to due process by not providing him with a hearing in connection with his placement on modified program status, and (6) violated his Fourteenth Amendment right to equal protection by discriminating against him on the basis of his race.

## DISCUSSION

A.   <u>Motion to Compel Production of Operations Manual § 55015</u>

Plaintiff previously filed a motion to compel production of a confidential SVSP regulation, specifically, Operations Manual, restricted Volume V, § 55015, "Lockdown/Unlock Procedures" ("Operations Manual § 55015"). After full briefing by the parties, the Court granted in part and denied in part plaintiff's motion. In particular, the Court found Operations Manual § 55015 is relevant to plaintiff's claims that his placement

2

1  on modified program status, which placement plaintiff claims was not authorized by the
2  regulation, was retaliatory and did not meet the requirements of due process.  The Court
3  further found, however, that defendants have met the threshold requirements for proper
4  invocation of the official information privilege with respect to the regulation.  Consequently,
5  the Court granted defendants' request to file Operations Manual § 55015 under seal pending
6  the Court's *in camera* review of the regulation, to determine whether it must be produced to
7  plaintiff pursuant to a protective order.  In so doing, the Court directed defendants to file a
8  proposed protective order and plaintiff to respond thereto.  The Court also afforded
9  defendants the opportunity to submit additional materials on the issue of confidentiality, prior
10 to the Court's determination of whether disclosure is appropriate.

11       Defendants have now filed additional materials in support of their argument that
12 disclosure of Operations Manual § 55015 to plaintiff should be denied.  Specifically,
13 defendants argue, they cannot draft a protective order to allow plaintiff access to Operations
14 Manual § 55015 because there is no effective means by which the regulation can be disclosed
15 to plaintiff without disclosing its contents, and such disclosure would potentially cause a
16 breach in the safety and security of the prison.  Defendants assert that the very reason
17 Operations Manual § 55015 is classified as a confidential document is to prevent inmates
18 from gaining access to it or to information that may undermine prison security.  In particular,
19 defendants assert, Operations Manual § 55015 contains "information regarding prison policy
20 for quelling disturbances and potentially violent events," and procedures that "instruct prison
21 personnel about their duties during a lock-down of the prison."  (Def.'s Add. Mat. at 3:2-4
22 (citing Decl. of Lt. Muniz Re: Confidential Document ("Muniz Decl.").)  Defendants
23 maintain that if such information were disclosed, it would provide plaintiff and other inmates
24 with information that would enable them to avoid or thwart prison staff's attempts to secure
25 and maintain prison security, and would hamper the ability of prison staff to respond
26 effectively to prison disorders and disruptive inmates by using the minimal amount of force.
27 (Id. at 3:4-9.)  Consequently, defendants argue, any protective order, regardless of how
28 carefully drafted, would inevitably allow for disclosure of confidential information that could

1 potentially lead to a breach in the safety and security of the prison.

2 　　　Additionally, defendants contend, it is not necessary for plaintiff to have access to
3 Operations Manual § 55015 to proceed with his claims, because the Court can review the
4 regulation and make the necessary determinations.  In support of their argument, defendants
5 rely on a recent ruling by the district court in a pro se prisoner civil rights action, Hart v.
6 Celaya, No. C 06-02519 CW (PR), 2008 WL 1734845 (N.D. Cal. Apr. 11, 2008).  In Hart,
7 during the discovery phase of the case, the defendants were ordered to produce for *in camera*
8 review by a magistrate judge several documents, including confidential prison policies and
9 operations procedures.  See id. at *1.  After reviewing the documents, the magistrate judge
10 determined the documents qualified for an "attorney's eyes only" protective order.
11 Consequently, because the plaintiff was proceeding pro se, he was not provided with access
12 to the documents.  Rather, in ruling on the defendants' motion for summary judgment, the
13 district court reviewed the documents and took into consideration any information supporting
14 the plaintiff's claims.  Id.

15 　　　In response to defendants' argument, plaintiff claims he is entitled to production of
16 Operations Manual § 55015 because it is relevant to his claims, the official-information
17 privilege is not absolute, he cannot obtain the regulation from any other source, and
18 disclosure of the regulation will not cause a breach in prison security or affect the ability of
19 prison staff to respond effectively to a prison disturbance.  He further asserts that defendants
20 can draft a protective order that will protect the confidentiality of the regulation, and that
21 such order can be enforced by having the Court appoint an attorney as co-counsel for
22 plaintiff, which attorney can act as a custodian for all confidential documents disclosed by
23 defendants.

24 　　　The Court, having conducted an *in camera* review of Operations Manual § 55015,
25 concludes, for the reasons set forth by defendants, that the regulation is subject to the official
26 information privilege and that such privilege cannot be adequately protected by disclosure of
27 the regulation to plaintiff pursuant to a protective order.  Accordingly, plaintiff's motion to
28 compel production of Operations Manual § 55015 will be denied.  Further, as plaintiff is not

4

entitled to the appointment of counsel to represent him in this action, the Court will not appoint counsel solely for the purpose of acting as a custodian for confidential documents.[2] In particular, the Court finds plaintiff does not require access to Operations Manual § 55015 in order to raise genuine issues of material fact with respect to whether defendants violated plaintiff's constitutional rights by placing and retaining him on modified program status. Defendants have provided a detailed description of the procedures set forth in Operations Manual § 55015, as described in the declaration of defendant Captain Ponder filed in support of defendants' motion for summary judgment (Docket No. 47), and such description is consistent with the regulation itself. Thus, plaintiff may, for the purpose of preparing his opposition, rely on defendants' description of the contents of Operations Manual § 55015. Further, in view of plaintiff's pro se status, the Court, when reviewing the motion for summary judgment, will take into consideration any information in Operations Manual § 55015 that supports plaintiff's claims. See Hart, 2008 WL 1734845 at *1.

B.   Defendants' Motion to Stay Discovery

Defendants have filed a motion to stay discovery pending a ruling on their assertion of the qualified immunity defense in their motion for summary judgment. As a general rule, a district court should stay discovery until the issue of qualified immunity is resolved. See Crawford-El v. Britton, 523 U.S. 574, 598 (1998); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Accordingly, defendants' motion to stay discovery until the Court has ruled on the issue of qualified immunity, as raised in defendants' motion for summary judgment, will be granted.

//

---

[2] There is no constitutional right to counsel in a civil case such as this. See Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981). Rather, pursuant to 28 U.S.C. § 1915, a district court has the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984) Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004). To date, plaintiff has been able to present his claims in an adequate manner and there are no exceptional circumstances warranting appointment of counsel at this time.

C.   Plaintiff's Motion to Compel Defendant Ponder to Produce Documents

Plaintiff has filed a motion to compel the production of documents by defendant Ponder. In light of the Court's ruling granting defendants' motion to stay discovery until the issue of qualified immunity has been resolved, plaintiff's motion will be denied without prejudice.

D.   Plaintiff's Ex Parte Request for Court Assistance

On November 14, 2008, the Court received from plaintiff an ex parte communication in which plaintiff writes that he was subjected to the use of excessive force at SVSP in February 2008, that he was transferred to Corcoran State Prison in October 2008, that he is attempting to file a lawsuit with respect to the February 2008 use of excessive force, and that he cannot do so because he is being denied access to his legal materials. Plaintiff asks the Court to assist him by ordering prison officials at Corcoran State Prison to provide him with his legal materials. Plaintiff's request will be denied. The Court cannot compel prison officials at Corcoran State Prison, which officials are not parties to the instant action and thus not subject to the Court's jurisdiction, to facilitate plaintiff's initiation of a yet-to-be-filed lawsuit. Accordingly, no action will be taken by the Court in such regard.

E.   Further Briefing Schedule on Defendants' Motion for Summary Judgment

As all outstanding discovery matters herein have now been resolved, the Court will schedule further briefing on defendants' motion for summary judgment, as set forth below.

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. Plaintiff's motions to compel production of Operations Manual § 55015 and to compel the production of documents by defendant Ponder are hereby DENIED. (Docket No. 66.)

2. Defendants' motion to stay discovery is hereby GRANTED. (Docket No. 53.)

3. Within **sixty (60)** days of the date this order is filed, plaintiff shall file with the Court and serve on defendants his opposition to defendants' motion for summary judgment. Defendants <u>shall</u> file a reply to the opposition within **twenty (20)** days of the date the

6

opposition is filed.

If plaintiff fails to timely file an opposition, the motion for summary judgment will be deemed submitted and ready for a ruling by the Court on the date the opposition is due.

4. All communications by plaintiff with the Court must be served on defendants' counsel, by mailing a true copy of the document to defendant's counsel.

5. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

This order terminates Docket Nos. 53 and 66.

IT IS SO ORDERED.

DATED: January 23, 2009

_____
MAXINE M. CHESNEY
United States District Judge