**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7              IN THE UNITED STATES DISTRICT COURT

8           FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   EDWARD T. FURNACE,                          No. C 06-4229 MMC

11              Plaintiff,                        **ORDER RE: DEFENDANTS' MOTION
                                                  FOR CLARIFICATION; GRANTING
12      v.                                        MOTION TO ENFORCE DISCOVERY
                                                  STAY; DENYING PLAINTIFF'S CROSS-
13   M.S. EVANS, et al.,                          MOTION TO COMPEL DOCUMENT
                                                  PRODUCTION**
14              Defendants.

15   _____

16          Before the Court is (1) defendants' "Motion for Clarification Regarding Nuckles,

17   Medina, Variz, Vega, Nilsson, and Rodriguez; Request for Re-Screening of the Second

18   Amended Complaint," filed April 6, 2012; (2) defendants' "Motion to Enforce Discovery

19   Stay; Request for Briefing Schedule," filed April 2, 2012; and (3) plaintiff's "Cross-Motion to

20   Vacate Discovery Stay and Compel Document Production," filed April 16, 2012.  The

21   matters came on regularly for hearing May 25, 2012.  Randolph Gaw of O'Melveny &

22   Myers LLP appeared on behalf of plaintiff.  Deputy Attorney General Trace O. Maiorino

23   appeared on behalf of defendants.  Having read and considered the parties' respective

24   written submissions, and for the reasons stated at the hearing, the Court rules as follows.

25          1.  Based on the Ninth Circuit's memorandum opinion, <u>Furnace v. Evans</u>, 459 Fed.

26   Appx. 630 (9th Cir. 2011), remanding the above-titled action for further proceedings:

27          a.  Two causes of action survive against all defendants, specifically, a cause of

28   action under the First Amendment and a cause of action under the Eighth Amendment.

1       b.  No claim for retaliation in violation of the First Amendment remains.

2       c.  The First Amendment cause of action will be analyzed under the test set forth in

3   Turner v. Safley, 482 U.S. 78 (1987), and not under the test set forth in Rhodes v.

4   Robinson, 408 F.3d 559 (9th Cir. 2005).

5       d.  The First Amendment cause of action includes both deprivation of personal

6   property and denial of adequate exercise.

7       e.  Defendants are not precluded from moving for summary judgment on any claim

8   or as to any defendant.

9       2.  Defendant's motion for re-screening of plaintiff's complaint is denied.

10      3.  The stay of discovery, issued by the Court on January 23, 2009, remains in effect

11  until the Court has ruled on the issue of qualified immunity, without prejudice to plaintiff's

12  moving for discovery in advance of said ruling based on a showing of a factual dispute

13  material to the issue of qualified immunity and the relevance thereto of the discovery

14  sought.

15      4.  The Court's order filed January 23, 2009, denying plaintiff's motion to compel

16  production of Operations Manual § 55015, remains in effect.  If, however, defendants rely

17  on said manual to support a motion for summary judgment, plaintiff may file a response

18  pursuant to Rule 56(d) of the Federal Rules of Civil Procedure in lieu of an opposition on

19  the merits, which response will be considered before plaintiff is required to file an

20  opposition brief addressing the merits.

21      **IT IS SO ORDERED.**

22

23  Dated:  May 25, 2012

24                                              MAXINE M. CHESNEY
                                                United States District Judge

25

26

27

28

2