IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EDWARD T. FURNACE,

    Plaintiff,

v.

M.S. EVANS, et al.,

    Defendants.

No. C 06-4229 MMC

**ORDER RE: DEFENDANTS' MOTION FOR CLARIFICATION; GRANTING MOTION TO ENFORCE DISCOVERY STAY; DENYING PLAINTIFF'S CROSS-MOTION TO COMPEL DOCUMENT PRODUCTION**

    Before the Court is (1) defendants' "Motion for Clarification Regarding Nuckles, Medina, Variz, Vega, Nilsson, and Rodriguez; Request for Re-Screening of the Second Amended Complaint," filed April 6, 2012; (2) defendants' "Motion to Enforce Discovery Stay; Request for Briefing Schedule," filed April 2, 2012; and (3) plaintiff's "Cross-Motion to Vacate Discovery Stay and Compel Document Production," filed April 16, 2012.  The matters came on regularly for hearing May 25, 2012.  Randolph Gaw of O'Melveny & Myers LLP appeared on behalf of plaintiff.  Deputy Attorney General Trace O. Maiorino appeared on behalf of defendants.  Having read and considered the parties' respective written submissions, and for the reasons stated at the hearing, the Court rules as follows.

    1. Based on the Ninth Circuit's memorandum opinion, Furnace v. Evans, 459 Fed. Appx. 630 (9th Cir. 2011), remanding the above-titled action for further proceedings:

    a. Two causes of action survive against all defendants, specifically, a cause of action under the First Amendment and a cause of action under the Eighth Amendment.

  b. No claim for retaliation in violation of the First Amendment remains.

  c. The First Amendment cause of action will be analyzed under the test set forth in Turner v. Safley, 482 U.S. 78 (1987), and not under the test set forth in Rhodes v. Robinson, 408 F.3d 559 (9th Cir. 2005).

  d. The First Amendment cause of action includes both deprivation of personal property and denial of adequate exercise.

  e. Defendants are not precluded from moving for summary judgment on any claim or as to any defendant.

 2. Defendant's motion for re-screening of plaintiff's complaint is denied.

 3. The stay of discovery, issued by the Court on January 23, 2009, remains in effect until the Court has ruled on the issue of qualified immunity, without prejudice to plaintiff's moving for discovery in advance of said ruling based on a showing of a factual dispute material to the issue of qualified immunity and the relevance thereto of the discovery sought.

 4. The Court's order filed January 23, 2009, denying plaintiff's motion to compel production of Operations Manual § 55015, remains in effect. If, however, defendants rely on said manual to support a motion for summary judgment, plaintiff may file a response pursuant to Rule 56(d) of the Federal Rules of Civil Procedure in lieu of an opposition on the merits, which response will be considered before plaintiff is required to file an opposition brief addressing the merits.

 **IT IS SO ORDERED.**

Dated: May 25, 2012

               MAXINE M. CHESNEY
               United States District Judge

2